CAVANAGH, J.
(dissenting). I disagree with the majority’s contention that defendant engaged in no discriminatory conduct during the three years that preceded the filing of plaintiffs complaint. Therefore, I must respectfully dissent.
Plaintiff began working for defendant in 1976. Over the years, plaintiff complained of various incidents of harassment. Plaintiff complained that her foreman was making sexual advances toward her. When plaintiff was assigned to a different supervisor, her former foreman still worked in the same complex and continued to harass her. Because of the harassment, plaintiff was ordered by her psychiatrist to take an approximately four-month medical leave. When plaintiff returned from her medical leave, her former foreman was still working in the same complex as plaintiff.
A subsequent foreman of plaintiffs also made sexual advances toward her, including intentionally touching plaintiffs breast. For an entire year, plaintiff also complained to defendant about a sign in the men’s *115 restroom that referred to plaintiff in a derogatory and sexually suggestive manner. Because of the stress of the harassment she continued to suffer, plaintiff was ordered to take another medical leave of absence.
While she was employed by defendant, plaintiffs union steward also made sexually suggestive comments about plaintiffs “ass” and touched her in an inappropriate manner. Plaintiffs coworkers made sexually suggestive comments about her body and began hitting her with cardboard sticks. When plaintiff asked her union steward to intercede, he just laughed and said, “Yea, hit that ass.” Plaintiff repeatedly complained to defendant, yet nothing was done. When plaintiff requested a transfer, her union steward told her that she could transfer if she had sex with him. Once plaintiff was transferred, the union steward told her that she “owed” him and he wanted her to have sex with him. He later stopped plaintiff from training for another position because she was not having sex with him. Plaintiff again complained to a foreman, but he said there was nothing he could do. Because of the stress plaintiff was suffering as a result of the harassment, plaintiff was then ordered to take a third medical leave.
Because defendant took no steps to stop the harassment while plaintiff was on her third medical leave, she was forced to decide not to return to the harassing environment. Defendant’s discriminatory conduct in failing to take steps to prevent future harassment continued throughout plaintiffs medical leave. Requiring plaintiff to return to the harassing setting to work in the unchanged environment would be unreasonable and possibly dangerous to plaintiffs health, considering that her doctor had ordered three medical leaves because of the stress of the harassment. As plaintiff explained, in order to have even been considered for a *116 possible transfer to another plant after having been out on her third harassment-related medical leave, she would have had to return to the plant she left and hope for a transfer, despite that her multiple complaints had garnered no response before or during her medical leave. Thus, for plaintiff to be able to try and leave the harassing environment, she would have had to return to work with the same men who harassed her and whose conduct necessitated that plaintiff take medical leaves in the first place, without any assurance that defendant would protect her.
This case presents a unique set of circumstances because plaintiffs doctor-ordered medical leave was directly related to the harassment. Plaintiffs final medical leave was actually her third leave related to the stress of the harassment she suffered. Defendant maintained a hostile work environment despite plaintiffs repeated complaints. Defendant’s failure to stop the harassment after these complaints is, under the facts of this case, discriminatory conduct. Because this conduct occurred during the three years that preceded the filing of plaintiffs lawsuit, I find that her complaint was timely filed. Accordingly, I respectfully dissent.
Kelly, J., concurred with Cavanagh, J.